UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PR NEWSWIRE ASSOCIATION LLC,<br><br>        Plaintiff,<br><br>    against<br><br>NEWSWIRE.COM LLC f/k/a i-NEWSWIRE.COM LLC,<br><br>        Defendant. | Case No.: |

**COMPLAINT**

Plaintiff, PR Newswire Association LLC ("PRN") hereby alleges its claims against Defendant, Newswire.com LLC f/k/a i-Newswire.com LLC ("Defendant"), as follows:

**NATURE OF THE CASE**

1.  This matter arises from Defendant's failure to pay PRN the undisputed amount rightfully due and owing to PRN for services provided by PRN to Defendant.

2.  Defendant has not only failed to pay PRN amounts due, but has also denigrated and disparaged PRN to third parties.

3.  Although PRN has made numerous efforts to obtain the amounts due from Defendant, Defendant has, indifferently and defiantly, continued to fail and refuse to issue the requisite payments to PRN.

4. Defendant's wrongful failure to pay PRN, along with Defendant's disparaging conduct, has left PRN no choice but to seek judicial intervention.

## THE PARTIES

5. PRN is a Delaware limited liability company having its principal place of business at 350 Hudson Street, Suite 300, New York, New York 10014.

6. Defendant is a Florida limited liability company having its principal place of business at 4134 Gulf of Mexico Drive, Suite #207, Longboat Key, Florida 34228.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of the instant claims pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship between PRN and Defendant and that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that this action is filed in a judicial district in which a substantial part of the events giving rise to the claim occurred, and/or 28 U.S.C. § 1391(b)(3), based on the parties' written agreement.

## FACTS COMMON TO ALL COUNTS

9. PRN is engaged in the business of, among other things, operating a specialized news and information service, processing

and transmitting news releases and other information over electronic communications systems to news media and others throughout the United States and overseas.

10. On or about September 25, 2017, PRN and Defendant entered into a written Amended and Restated Reseller Agreement, wherein, among other things, PRN agreed to provide distribution services relating to news and press releases for the benefit of Defendant.

11. On or about June 10, 2019, the parties executed an amendment ("Amendment") to the Amended and Restated Reseller Agreement, which provided, among other things, that Defendant would pay all arrears to PRN, the term of the Amended and Restated Reseller Agreement would be extended.

12. The Amended and Restated Reseller Agreement, as amended by the Amendment, shall be referred to herein as the "Contract."

13. Defendant agreed to pay PRN certain fees in accordance with the terms of the Contract.

14. PRN routinely sent invoices ("Invoices") to Defendant for fees Defendant was and is required to pay to PRN for the services provided by PRN to Defendant.

15. To date, the Invoices, which total $288,343.85, have gone unpaid by Defendant.

16. Notwithstanding PRN's performance of its services under the Contract, Defendant has refused to pay PRN its fees in the total outstanding amount of $288,343.85.

17.  As a result of Defendant's failure and refusal to pay PRN for performance of its services under the Contract, PRN has been damaged in an amount to be determined at trial, but not less than $288,343.85.

## COUNT ONE
### (BREACH OF CONTRACT)

18.  PRN repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

19.  PRN and Defendant entered into the Contract, pursuant to which PRN agreed to perform certain services and, in exchange, Defendant agreed to pay PRN in accordance with the terms set forth in the Contract.

20.  The Contract is a valid and enforceable agreement.

21.  PRN fully and faithfully performed its services under the Contract.

22.  Despite PRN's faithful performance, Defendant has failed and refused to make payment of all amounts due to PRN and there remains due and owing from Defendant the sum of $288,343.85 exclusive of all other damages provided for by law and the Contract.

23. Defendant's failure and refusal to pay PRN for services performed in accordance with the Contract constitutes a material breach of the Contract.

24. As a direct and proximate result of Defendant's breach, PRN has sustained, and will continue to sustain, damages in not less than $288,343.85, exclusive of all other damages provided for by law and the Contract.

**WHEREFORE,** PRN demands that judgment be entered against Defendant for the full amount of damages, including, without limitation, compensatory, consequential, and incidental damages, attorneys' fees, expert fees, litigation expenses, pre-judgment and post-judgment interest, and for such other and further relief in favor of PRN and against Defendant as the Court may deem just and proper.

## COUNT TWO
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

25. PRN repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

26. Every contract contains an implied covenant of good faith and fair dealing whereby neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

27. Defendant breached the implied covenant of good faith and fair dealing by, among other things, denying PRN its rightful benefits under the Contract.

28. Defendant's conduct, which includes, but is not limited to, inducing PRN to process and transmit news releases without adequate compensation therefor, constitutes wrongs independent of the express terms of the Contract and requires the recovery of separate damages not intertwined with the damages resulting from mere breach of contract.

29. Defendant's wrongful and nefarious conduct also includes, repeatedly, disparaging, and falsely misrepresenting to third parties that PRN is Defendant's "little sister company" in an attempt to redirect business away from PRN and towards Defendant.

30. As a direct and proximate result of Defendant's bad faith and breach of the implied covenant of good faith and fair dealing, PRN has suffered damages.

**WHEREFORE**, PRN demands that judgment be entered against Defendant for the full amount of damages, which include, without limitation, compensatory, consequential, and incidental damages, attorneys' fees, expert fees, litigation expenses, pre-judgment and post-judgment interest, and for such other and further relief in favor of PRN and against Defendant as the Court may deem just and proper.

## COUNT THREE
### (Unjust Enrichment)

31. PRN repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

32. PRN provided services to Defendant with the expectation and understanding that it would receive full and fair compensation.

33. Defendant knowingly accepted, received and benefited from PRN's services, but continues to refuse to make payment to PRN.

34. Defendant has received a benefit without payment of reasonable compensation to PRN and allowing Defendant to retain the benefit would only serve to unjustly enrich Defendant to the detriment of PRN.

35. The reasonable value of the services that PRN provided to Defendant will be proven at trial.

**WHEREFORE,** PRN demands that judgment be entered against Defendant for the full amount of damages, including, without limitation, compensatory, consequential, and incidental damages, attorneys' fees, expert fees, litigation expenses, pre-judgment and post-judgment interest, and for such other and further relief in favor of PRN and against Defendant as the Court may deem just and proper.

**REQUEST FOR RELIEF**

**WHEREFORE**, PRN demands judgment against Defendant, awarding PRN:

(a) compensatory, consequential and incidental damages in amounts to be determined at trial, but at least $288,343.85;

(b) PRN's costs in the prosecution of this action, including reasonable attorneys' fees, expert fees, litigation expenses, pre-judgment and post-judgment interest; and

(c) such other and further relief as is just and proper.

Dated:  New York, New York
        June 16, 2022

                                      **TRIF & MODUGNO LLC**

                                      By:*/s/ Kevin S. Brotspies*
                                          Kevin S. Brotspies
                                          11 Broadway, Suite 615
                                          New York, New York 10004
                                                  and
                                          89 Headquarters Plaza
                                          North Tower, Suite 1201
                                          Morristown, New Jersey 07960
                                          Telephone:  (973) 547-3611
                                          Facsimile:  (973) 554-1220
                                          kbrotspies@tm-firm.com
                                          *Counsel for Plaintiff,*
                                          *PR Newswire Association LLC*